978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris Allen RAY, Petitioner-Appellant,
v.
Eileen HOSKING, Warden, Respondent-Appellee.
 No. 92-5118.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1992.
 
 Before SILER and BATCHELDER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Morris Allen Ray, a Tennessee prisoner who is represented by counsel, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February 1989, a jury convicted Ray of first degree murder for which he received a life sentence. In March 1989, Ray's counsel moved for a new trial and/or judgment of acquittal. Counsel also requested that a transcript be prepared at government expense. Under Tennessee law, Ray could not appeal his conviction until after his post-conviction motions had been ruled upon by the trial court. Furthermore, all allegations had to be raised in the motion for a new trial so as to complete the record for appeal. Because of these requirements, counsel required the trial transcript to perfect the appeal.
 
 
 3
 Having become frustrated with the delay in perfecting his appeal, Ray filed a complaint against his attorney with the Tennessee Board of Professional Responsibility. After a hearing, Ray's counsel was relieved of his representation. On May 15, 1990, Ray was appointed a new attorney by the trial court. After further delay, the trial transcripts were finally prepared on May 2, 1991, approximately twenty-seven months after his conviction. On August 7, 1991, the motion for a new trial was denied. Ray then filed a timely appeal with the Tennessee Court of Criminal Appeals. His case was scheduled to be argued on September 15, 1992.
 
 
 4
 On May 17, 1990, Ray filed a pro se petition for a writ of habeas corpus alleging that the state court's refusal to provide him a trial transcript and a hearing on his motion for a new trial deprived him of his due process rights. He also alleged that his trial counsel's delay in obtaining the transcript and hearing constituted ineffective assistance. A magistrate judge recommended that respondent's motion to dismiss be denied and an evidentiary hearing be conducted. After conducting a hearing, the district court found that although delay excused the exhaustion requirement as to the due process claim, the delay did not excuse exhaustion of the ineffective counsel allegation. Therefore, the district court dismissed the petition without prejudice. In his timely appeal, Ray argues that the district court erred by not excusing the exhaustion requirement as to his ineffective counsel claim. However, relief for ineffective assistance of counsel on appeal would be to reinstate the appeal. Inasmuch as the appeal before the Tennessee Court of Criminal Appeals is presently pending, no more relief is available.
 
 
 5
 Therefore, for the reasons set out in the decision of Judge Thomas A. Higgins, the district court judgment is AFFIRMED. Rule 9(b)(3) Rules of the Sixth Circuit.